[913 NYS2d 589]

In the Matter of PETER J. CRAIG, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2010

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Lawrence J. Andolina,* Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on May 20, 1985, and maintains an office for the practice of law in Pittsford. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including misappropriating client funds and commingling client funds with personal funds. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee moves to confirm.

It is undisputed that, during the time period relevant to this matter, respondent had, inter alia, a high volume of debt collection cases on behalf of two clients. He collected debts on behalf of those two clients, and his legal fee for such services was a percentage of the funds collected. Pursuant to respondent's agreement with both clients, respondent was obligated to remit the funds to the clients, after deducting his fee.

The Referee found that, from March 2006 through August 2007, respondent collected debts owed to those clients and retained a percentage of the debts collected, as per his agreement with the clients, but he systematically delayed payment of the balance of the funds to the clients. The Referee, in making that finding, rejected the contention of respondent that he did not intentionally delay payment to his clients. The Referee further found that, during the relevant time period, the balance in respondent's attorney trust account was not sufficient to satisfy the obligations of respondent to his clients.

Additionally, the Referee rejected the allegation of the Grievance Committee that respondent failed to maintain adequate trust account records.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.

We have considered in mitigation the findings made by the Referee, including respondent's expression of remorse, the absence of permanent harm to any client as a result of respondent's misconduct, and the steps taken by respondent to ensure that the misconduct does not recur. Additionally, we have considered that respondent has an otherwise unblemished record during his 25 years of practicing law. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., CENTRA, FAHEY, SCONIERS and GORSKI, JJ., concur.

Order of censure entered.